UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FATME DJUDJO, individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

COMCAST CORPORATION,

        Defendant.

Case No.  C10-03162 EMC ADR

**CONSENT ORDER APPROVING
SETTLEMENT AND DISMISSING CASE
WITH PREJUDICE**

The parties to this case jointly represent the following to this Court:

1.      This is an action brought by Plaintiff Fatme Djudjo, a former employee of defendant Comcast Corporation.  Plaintiff claims that Defendant Comcast Corporation denied her overtime compensation as required by federal and California law, including the Fair Labor Standards Act, 29 U.S.C. §216(b) ("FLSA").

2.      Since the inception of this action, Plaintiff has been represented by The Ottinger Firm, P.C. ("Ottinger"), an experienced employee rights law firm.

3.      Plaintiff contends that Defendant improperly treated her as exempt from the right to be paid overtime compensation, and Defendant refutes that contention.

3.      There exists little to no documentation of the hours that Plaintiff allegedly worked and for which she alleges that she did not receive proper compensation. The parties therefore  dispute the amount owed to Plaintiff, but agree that the settlement that they have reached fairly compensates Plaintiff for unpaid overtime compensation, along with an additional fair amount paid as severance pay.

4.      No class has been certified in this action. Defendant is confident that a class would not be certified for, among other reasons, insufficient numerosity.  No other party has opted into the suit. Therefore, no nonparty's rights have been compromised.

5.      Neither the United States Department of Labor nor the California State Department of Labor has made a determination with respect to the validity of plaintiffs' claims.

6.      Following extensive negotiations with the aid of a JAMS mediator, Plaintiff and Defendant have agreed to resolve their differences by virtue of a confidential release and settlement agreement. A redacted version of the release and settlement agreement is attached as Ex. A to this Order. The release and settlement agreement was drafted by counsel and carefully reviewed by both parties prior to execution. The initial settlement payment has already been made and accepted.

-1-

CONSENT ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

7.    Defense counsel has represented that the settlement amount likely represents more than Plaintiff would recover through the Court process, including a fair amount for attorneys' fees. Counsel for Plaintiff agrees that this settlement represents a reasonable compromise of contested issues.

Good cause therefore having been shown for the entry of this Order, it is, on this day of __1/4/11__, ORDERED as follows:

A.    The settlement of this action, as set forth in Ex. A to this Order, is hereby approved.

B.    This case is hereby dismissed with prejudice and without costs.

C.    The consent signatures to this Order may be provided in facsimile or electronic counterparts.

SO ORDERED:

Honorable Edward M. Chen, District
Court Magistrate Judge, Northern District of California

We hereby consent to the form and entry of this Order:

THE OTTINGER FIRM P.C.                  DAVIS WRIGHT TREMAINE LLP

By: _____                 By: _____
Robert Ottinger                            Judith Droz Keyes
One Market Spear Tower                     505 Montgomery Street
Suite 3600                                 Suite 800
San Francisco, CA 94105                    San Francisco, California  94111

-2-

CONSENT ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE

"EXHIBIT A"

## SETTLEMENT AND RELEASE AGREEMENT
### (Wage/Hour Claim)

This SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is entered into by and between Comcast of California IX, Inc. ("Comcast") and Fatme Djudjo ("Djudjo"), who are "the Parties" to this Agreement.

### Background

A.   Djudjo has been employed by Comcast since July 21, 2003, and is currently employed as an Area Sales Event Specialist.

B.   On July 20, 2010, Djudjo filed a complaint in the U.S. District Court for the Northern District of California, captioned *Fatme Djudjo, et al. v. Comcast Corporation*, Case No. C-10-03162 EMC, relating to her compensation as an employee of Comcast ("the Complaint"), which the parties hereby wish to resolve.

C.   This is a compromise settlement of claims that are disputed by Comcast, including but not limited to the claims raised in the Complaint, and the promises to do or not to do certain acts are not to be considered an admission of liability by Comcast to Djudjo or any other person for any violation of any federal or state law or contract.

NOW, THEREFORE, for and in consideration of the mutual promises set forth herein, the Parties agree as follows.

### Agreement

1.   Djudjo will:

   a.   Forever release and discharge Comcast, its affiliates, parents, subsidiaries, divisions, and predecessors, and its or their related entities, past and present, and its or their respective present and former assigns, agents, insurers, benefit plans, employees, officers, directors, attorneys, and representatives, and each of them (referred to singularly and collectively as "Released Parties") from any and all causes of action, actions, judgments, liens, indebtedness, damages, costs, expenses, losses, claims, complaints, liabilities, and demands or obligations of whatsoever kind or character, whether known or unknown, disclosed or undisclosed, anticipated or unanticipated, which in any way relate to the compensation of Djudjo during her employment with Comcast, including the ending of that employment, whether based upon any statute, law, or regulation, or based in tort, contract, common law, or any other theory of legal or equitable recovery. This provision includes but is not limited to any claim arising under the Fair Labor Standards Act, any California Industrial Welfare Commission Order, and the California Labor Code, and any other law governing wages and hours of work. Djudjo also releases Comcast from any attorneys' fees in connection with the released claims.

   b.   On the Separation Date, to execute the form attached hereto as Exhibit A and incorporated herein by this reference, which is a condition precedent to this Agreement being effective.

2.   Comcast will pay Djudjo the gross sum of REDACTED                       in two checks as follows:

a.  The first check will be made payable to FATME DJUDJO and will be in the gross amount of REDACTED                                       , less regular payroll deductions and withholdings.  Comcast will issue Djudjo an Internal Revenue Service Form W-2 in connection with this payment.

b.  The second check will be made payable to FATME DJUDJO and will be in the amount of REDACTED                                       .  Comcast will issue Djudjo an Internal Revenue Service Form 1099 in connection with this payment.  Djudjo will provide an executed IRS Form W-9 in connection with this payment.

These two checks will be sent to Robert Ottinger, attorney for Djudjo, no later than twenty-one (21) calendar days after Comcast's counsel, Judith Droz Keyes, has received this Settlement Agreement and IRS Form W-9 signed by Djudjo and by Mr. Ottinger, and Exhibit A signed by Djudjo.

In connection with the Settlement Payment, Djudjo will be solely responsible for any taxes due.  Djudjo will indemnify and hold Comcast harmless if any government authority seeks payment of taxes, costs, assessments, penalties, damages, fees, interest, withholding, or other losses, including loss of tax deduction, to which Comcast is or may be subject as a result of Djudjo's failure to pay taxes on the Settlement Payment.  Djudjo will not seek or make any claim against Comcast or others released by this Agreement, for compensation, damages, costs, interest, fees, assessments, withholdings, penalties or other losses, if a claim or determination is made that all or part of the Settlement Payment should not have been treated as not subject to payroll or income taxes.  If the Settlement Payment or any portion of it is treated as taxable income by any taxing authority, Djudjo will promptly execute and deliver to Comcast the applicable federal and state tax forms stating that Djudjo has paid the taxes, costs, interest, withholding, assessments, penalties, damages or other losses, if any.  Comcast has no duty to defend against any claim or assertion that all or part of the Settlement Payment should be treated as taxable income, nor any obligation to appeal any determination that all or part of the Settlement Payment should be treated as taxable income, and Djudjo agrees to assume responsibility for contesting any such claim or assertion, and to cooperate fully in the defense of any such claim or claims regarding the taxability of such sum that may be brought against Comcast.

3.  With the exception of the Complaint, Djudjo affirms that she has not filed any other lawsuit, charge, or complaint concerning any claim that was released in this Agreement as to Comcast or any Released Party with any court or government agency, and Djudjo agrees that she will not, to the extent allowed by applicable law, do so at any time in the future.  However, this paragraph will not limit Djudjo from filing a claim to enforce the terms of this Agreement, and this paragraph will not apply to any right or claim that cannot be waived by law, including the right to file certain charges with, or participate in an investigation conducted by, a governmental agency that expressly prohibits waiver relative to same.  If any government agency brings any claim or conducts any investigation against a Released Party, Djudjo waives and agrees to relinquish any damages or other individual relief that may be awarded as a result of any such proceedings.

4.  Promptly upon signing this Agreement, Djudjo will request her attorneys to file a request for dismissal of the Complaint without prejudice.  The Settlement Payment will be sent to The Ottinger Firm within twenty-one (21) calendar days of Comcast's counsel's receipt of an

2

executed copy of this Agreement and Exhibit A, but that check will not be disbursed or cashed until the dismissal of the Complaint has been entered by the Court.

5.  Djudjo understands and agrees that any and all rights granted her under Section 1542 of the California Civil Code or any analogous law of the State of California or any other state, or any analogous federal law or regulation, ARE HEREBY EXPRESSLY WAIVED.  Section 1542 of the California Civil Code reads as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

6.  Djudjo will not solicit, encourage, support, cooperate with, or provide information to any individual, entity, or lawyer who seeks to pursue claims against Comcast, with the exception that Djudjo may respond truthfully to a validly-executed and served subpoena or other court procedure or order.

7.  Unless compelled by legal authority, Djudjo will keep the fact, terms, and amount of this Agreement completely confidential and she will not disclose any information concerning this Agreement to anyone other than her fiancé, her attorney, and/or her tax advisor(s), each of whom will be informed of this confidentiality obligation and of their obligation to abide by it. Without limiting the generality of the foregoing, Djudjo will not disclose the fact, terms, and amount of this Agreement to any current or former employee, officer, or agent of Comcast or any entity affiliated with Comcast.   If asked about the dispute, Djudjo may respond that the matter has been resolved.  Djudjo affirms that she has not violated this obligation at any time prior to her execution of this Agreement.

8.  Djudjo agrees to instruct Ottinger, and by signing this Agreement Ottinger affirms his agreement, that he is not to, and will not, publicize or otherwise disclose the terms of this Agreement or any aspect of the negotiations that led to this Agreement.

9.  Djudjo will not make statement or representation to any person, entity or firm, including but not limited to any employee, customer, or vendor of Comcast or of a Releasee, which could reasonably be expected to cast Comcast or a Releasee in an unfavorable light or which could reasonably be anticipated to adversely affect the name or reputation of Comcast or a Releasee or would be injurious to the business of Comcast or a Releasee.  Djudjo will not interfere with any contractual relationship between Comcast and any employee, customer, or vendor of Comcast.

10.  The promises made in paragraphs 7, 8, and 9 above are integral parts of this Agreement. While not grounds for rescission of this Agreement, a breach of these promises is a material breach of this Agreement.  Comcast will be entitled to pursue all legal remedies in the event of such a breach, and will be entitled to both injunctive relief and liquidated damages in the amount of five thousand dollars ($5,000.00) per occurrence of breach.

11.  Djudjo understands and acknowledges the significance of this Agreement and acknowledges that her execution of this Agreement is knowing and voluntary and has not been given as a

DWT 16001935v4 0177080-000137

result of any coercion. Djudjo also acknowledges having had an opportunity to consult with an attorney regarding the meaning and effect of this Agreement. Djudjo executes this Agreement of her own free will, after full reflection and analysis, including consultation with counsel.

12.     This Agreement is binding on and will inure to the benefit of the Parties, as well as their heirs, successors, and assigns.

13.     If any portion of this Agreement is held to be invalid or unenforceable for any reason, the remaining covenants will remain in full force and effect to the maximum extent permitted by law.

15.     This Agreement constitutes the entire agreement of the Parties with respect to the matters covered in this Agreement and supersedes any previous agreement whether written or oral with the exception of the Separation Agreement.

16.     This Agreement will in all respects, including all matters of construction, validity and performance, be governed by and construed and enforced in accordance with the laws of the State of California without regard to its choice of law principles.

17.     This Agreement may be executed in counterparts. Facsimile or electronic signatures will be given the same force and effect as original signatures.

THE PARTIES INDICATE THEIR AGREEMENT TO THE FOREGOING BY SIGNING BELOW:

Date: 12 11 , 2010        Fatme Djudjo

                              Signature

Date: 12 13 , 2010        Comcast of California, IX, Inc.

                              By: Timothy Nesker
                              Print Name
                              Signature

APPROVED AS TO FORM AND SUBSTANCE:

                              THE OTTINGER FIRM

Date: 12-1- , 2010        By:
                              Robert Ottinger,
                              ATTORNEYS FOR FATME DJUDJO

                              DAVIS WRIGHT TREMAINE LLP

Date: 12/14 , 2010        By:
                              Judith Droz Keyes
                              ATTORNEYS FOR COMCAST

DWT 16001935v4 0107080-000137